*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-023

MAY TERM, 2011

| | |
|---|---|
| Luke A. Perry, Sr. | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Orleans Unit, |
| | } Family Division |
| | } |
| Julie Perry | } DOCKET NO. 214-12-06 Osfa |

Trial Judge: Edward J. Cashman

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a superior court granting an extension of a final relief-from abuse order in favor of plaintiff. Defendant contends the evidence and findings fail to demonstrate that: (1) the order was necessary to prevent further abuse; or (2) a substantial change of circumstances supported a modification of the no-contact zone from 100 to 300 feet. We affirm.

Plaintiff obtained a final relief-from abuse order against defendant, his former wife, in 2006. The order prohibited defendant from abusing, threatening, following, or stalking plaintiff, and imposed a 500-foot no-contact zone around plaintiff, his residence, vehicle, and place of business. The order was extended in one-year increments in 2007, 2008, and 2009. The 2009 order reduced the no-contact zone to 100 feet and omitted plaintiff's vehicle.

Plaintiff moved to extend the order in November 2010, and an evidentiary hearing was held the following month. Plaintiff testified that defendant had repeatedly—"probably 20 to 25 times"— driven to an intersection near his house, stopped, and stared at the house. Plaintiff stated that defendant's activities in this regard had markedly increased since the no-contact zone was reduced from 500 to 100 feet. Plaintiff also recalled specific incidents in August and December 2010, when he believed that defendant followed him while he ran errands in Newport, and another occasion when he observed defendant following him while he picked up a customer's truck. Plaintiff further testified that he believed defendant was surreptitiously observing him at his place of business in Newport and at his mother-in-law's farm several miles from Newport, where he and his family spent time. He testified that, as a result, he no longer felt that the farm was a "safe place to go," and that he and his family were continually fearful of running into defendant on the street.

At the conclusion of the hearing, the court made findings indicating that it found plaintiff's testimony to be credible; that defendant's conduct was reasonably viewed as harassing; and that the ongoing child-support litigation and estrangement between the parties had created a "volatile situation" which required an extension of the order and a modification to increase the no-contact zone to 300 feet. In view of the proximity of the parties' respective residences and places of employment, however, the court declined to reimpose the 500-foot zone as requested by plaintiff, and added a provision exempting "unintended accidental contact in public" provided that defendant immediately removed herself from the area. Finally, the court found that, in light of the ongoing litigation and

hostility between the parties, a three-year period for the order "makes sense." An amended final order issued on January 26, 2011. This appeal by defendant followed.

Defendant first contends the evidence and findings were insufficient to show that extending the order was necessary to prevent further abuse. Our review is limited. "In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing. . . . As such, we review the family court's decision to grant or deny a protective order only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513. As this was an extension of a preexisting order, plaintiff was required to demonstrate only that additional time was necessary to protect him from further abuse. See 15 V.S.A. § 1103(e) (in extending relief-from-abuse order "[i]t is not necessary for the court to find that abuse has occurred during the pendency of the order").

The evidence and findings, summarized above, amply support the court's decision to extend the order. As noted, the court found credible plaintiff's testimony that defendant had followed him while he was in his car and on foot, and had essentially stalked him in his home. The court further found, in light of the parties' history and level of estrangement, that extending the order was necessary to prevent these contacts from escalating into further abuse or violence. The evidence was thus sufficient to support the findings, and the findings were more than adequate to support the extension. See Benson v. Muscari, 172 Vt. 1, 6 (2001) (holding that, in view of purpose of abuse prevention law, detailed findings were unnecessary where the record "otherwise amply supported the order").

Defendant also claims the evidence was insufficient to establish a substantial change of circumstances sufficient to modify the no-contact zone from 100 to 300 feet, and to include plaintiff's vehicle within the zone. As we have elsewhere explained, the judgment as to whether the 300-foot zone, "or some greater or lesser distance, was necessary to provide plaintiff . . . with an adequate level of security was one that rested within the sound discretion of the trial court." Id. at 5. The testimony here, which the court found to be credible, showed that defendant had often come within 100 feet of plaintiff, his home, residence, and vehicle, which had placed him in fear, and that the broader zone was necessary to prevent a recurrence. To prevent undue inconvenience, the court also declined plaintiff's request to reinstate the original 500-foot zone. The evidence was thus sufficient to demonstrate a substantial change of circumstances sufficient to modify the no-contact zone to 300 feet and to include plaintiff's vehicle. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2